**Robbie A. WHITE, Appellant (Petitioner Below),**

v.

**James R. WHITE, Appellee (Respondent Below).**

**No. 1–181A2.**

Court of Appeals of Indiana, First District.

Sept. 28, 1981.

The only issue presented for review is whether the trial court incorrectly assumed jurisdiction over a non-party, namely a professional corporation solely owned by James. Robbie argues that the court had no authority to dismiss an obligation owed to her by the corporation. She maintains that since the corporation was not joined in the action and was not served with a summons, it was in no way subjected to the power of the court.

The facts most favorable to the decree indicate that James gave Robbie ten thousand dollars ($10,000.00) in April, 1979. The professional corporation, owned by James, subsequently took seven thousand five hundred dollars ($7,500.00) from Robbie and gave her a note for that amount. Robbie held this note at the time the marriage was dissolved.

Upon appeal, we may reverse a trial court's determination with respect to a property distribution only if there is a showing that the court made an erroneous conclusion in judgment. Such conclusion must be one clearly against the logic and effect of the facts and circumstances before the court. *Burkhart v. Burkhart*, (1976) 169 Ind.App. 588, 349 N.E.2d 707; *Tomlinson v. Tomlinson*, (1976) 170 Ind.App. 331, 352 N.E.2d 785. We find no such abuse of discretion in the present case.

The power of the courts to distribute marital property upon dissolution of marriage is set forth in Ind.Code 31–1–11.5–11 (Burns Code E. Repl.1980) which reads in part as follows:

In an action pursuant to section 3(a) [31–1–11.5–3(a)] of this chapter, the court shall divide the property of the parties, whether owned by either spouse prior to the marriage, acquired by either spouse in his or her own right after the marriage and prior to final separation of the parties, or acquired by their joint efforts, in a just and reasonable manner, either by division of the property in kind, or by setting the same or parts thereof over to one [1] of the spouses and requiring either to pay such sum, either in gross or in installments, as may be just and proper,

Charles S. Brown, Jr., Brown & Brown, New Castle, for appellant.

R. Clark Allen, New Castle, for appellee.

ROBERTSON, Judge.

Robbie A. White appeals the property distribution in a dissolution decree entered by the Henry County Circuit Court dissolving her marriage to James R. White.

We affirm.

or by ordering the sale of the same under such conditions as the court may prescribe and dividing the proceeds of such sale. . . .

Clearly, the trial court has the right and a duty to settle and determine the property rights of parties in a dissolution case including rights in money, in physical assets, or in both. *Snyder v. Snyder*, (1965) 246 Ind. 292, 205 N.E.2d 159; *Languelle v. Languelle*, (1968) 143 Ind.App. 24, 237 N.E.2d 587.

In making a division of marital property, the court properly considers the separate property rights of the parties as well as all debts of the parties. *Burkhart v. Burkhart, supra; Waitt v. Waitt*, (1977) 172 Ind.App. 357, 360 N.E.2d 268. The evidence shows that the professional corporation was solely owned by James. Thus, his interests alone were affected by any decision the court made in regard to the corporation. As such there was no need to separately join the corporation in the action for dissolution. *See generally, Davis v. Davis*, (1979) Ind.App., 395 N.E.2d 1254.

A reviewing court will presume that the trial court followed the law and made all the proper considerations in making its decision concerning the disposition of assets in a dissolution case. *Cornett v. Cornett*, (1980) Ind.App., 412 N.E.2d 1232; *See also Ind.Code* 31–1–11.5–11. In the case at bar, there is no apparent abuse of discretion by the lower court. Robbie has failed to carry her burden of proof.

The judgment of the trial court is affirmed.

NEAL, P. J., and YOUNG, J. (sitting by designation), concur.