**In re the Marriage of Angela HOSKINS, Appellant–Respondent,**

v.

**Billy B. HOSKINS, Appellee–Petitioner.**

**No. 78A01–9211–CV–388.[1]**

Court of Appeals of Indiana, First District.

March 30, 1993.

William Edward Jenner, Darrell M. Auxier, Jenner & Auxier, Madison, for appellant-respondent.

Lisa K. Rosenberger, Vevay, for appellee-petitioner.

ROBERTSON, Judge.

Angela Hoskins appeals the property distribution in the decree which dissolved her marriage to Billy B. Hoskins. Angela asserts the trial court abused its discretion in failing to award her at least 50% of the marital estate or enter findings justifying an unequal division. We agree and reverse.

1. This case was transferred to this office on February 24, 1993 by order of the Chief Judge.

## FACTS

The dissolution petition was filed June 28, 1991. The parties were able to reach an agreement regarding custody and child support with respect to their three (3) minor children. Angela has primary physical custody of the children and Billy pays child support. Also, the parties were able to stipulate to the value of most of the marital property. The final hearing was held June 4, 1992. The trial court resolved the disputed valuations and none of these valuations are challenged on appeal. The decree was entered on August 12, 1992.

In her brief, Angela outlines the evidence complete with detailed lists of personal property. She asserts that Billy received a net award of $23,440.83 representing 67% of the net marital estate. However, it is obvious from her analysis that she neglected to deduct from Billy's award the $8,750.00 judgment the trial court ordered Billy to pay her. With this adjustment, Angela's analysis indicates that Billy's share of the estate is worth $14,690.83 and her share is worth $11,554.88 placing the value of the net marital estate at $26,245.71. This division represents a 56–44 split in Billy's favor or a deviation from precise mathematical equality in the amount of $1,567.98. [$26,245.71/2 − $11,554.88 = $1,567.98]

Billy's analysis of the trial court's distribution is not much different; he concedes that he received more than one-half of the estate. In fact, Billy's analysis represents a larger disparity in the awards than does Angela's analysis. Billy's numbers indicate that he was awarded property worth $14,490.83 and Angela's share was worth $11,054.88 placing the value of the net marital estate at $25,545.71. This division represents a 57–43 split in Billy's favor or a deviation from precise mathematical equality in the amount of $1,717.98. [$25,545.71/2 − $11,054.88 = $1,717.98]

The trial court did not enter any findings explaining its reasons for deviating from an equal division.

## DECISION

When reviewing a claim that the trial court improperly divided marital property, we must decide whether the trial court's decision constitutes an abuse of discretion. *Van Riper v. Keim* (1982), Ind. App., 437 N.E.2d 130. We consider only that evidence most favorable to the trial court's disposition of the property. *Benda v. Benda* (1990), Ind.App., 553 N.E.2d 159, *trans. denied.* We presume the trial court followed the law and made all the proper considerations in making its decision. *White v. White* (1981), Ind.App., 425 N.E.2d 726. We will reverse only if there is no rational basis for the award; that is, if the result is clearly against the logic and effect of the facts and the reasonable inferences to be drawn therefrom. *In re Marriage of Salas* (1983), Ind.App., 447 N.E.2d 1176.

Indiana Code 31–1–11.5–11(c), governing property distributions in contested divorces, reads as follows:

The court shall presume that an equal division of the marital property between the parties is just and reasonable. However, this presumption may be rebutted by a party who presents relevant evidence, including evidence concerning the following factors, that an equal division would not be just and reasonable:

(1) The contribution of each spouse to the acquisition of the property, regardless of whether the contribution was income producing.

(2) The extent to which the property was acquired by each spouse prior to the marriage or through inheritance or gift.

(3) The economic circumstances of each spouse at the time the disposition of the property is to become effective, including the desirability of awarding the residence or the right to dwell in that residence for such periods as the court may deem just to the spouse having custody of any children.

(4) The conduct of the parties during the marriage as related to the disposition or dissipation of their property.

(5) The earnings or earning ability of the parties as related to a final division of

property and final determination of the property rights of the parties.

Following the legislative adoption of the equal division presumption, we placed the requirement upon trial courts, when effecting an unequal division of marital property, to state the reasons based on the evidence which establish that an equal division is not just and reasonable. *In re Marriage of Davidson* (1989), Ind.App., 540 N.E.2d 641. However, in *Kirkman v. Kirkman* (1990), Ind., 555 N.E.2d 1293, our supreme court held:

> While we agree that the statutory presumption must be followed absent evidence that an equal division would not be just and reasonable, express trial court findings will not be compelled for insubstantial deviations from precise mathematical equality. We therefore decline to remand to the trial court for further specific findings.

555 N.E.2d at 1294. The *Kirkman* opinion does not reveal the size of the Kirkmans' marital estate or the size of the trial court's deviation from an equal division. *Id.*[2] *Kirkman* does not indicate what magnitude of disparity will trigger the specific finding requirement. *Seslar v. Seslar* (1991), Ind.App., 569 N.E.2d 380. Moreover, *Kirkman* does not provide us with any guidance or guidelines for determining what will and what will not constitute an "insubstantial deviation from precise mathematical equality."

Since *Kirkman*, we have struggled with this issue and, as of yet, have failed to make much progress. We have examined unequal property divisions on a case by case basis and have, evidently based on our "gut reactions," decided whether a particular deviation from equality has been sub-

stantial or not. In *R.E.G. v. L.M.G.* (1991), Ind.App., 571 N.E.2d 298, we held that a 60/40 split amounting to a $50,000.00 deviation from equality was substantial. In *In re Marriage of Snemis* (1991), Ind.App., 575 N.E.2d 650, we held that a 75–25 split was substantial without reference to the size of the marital estate. In *Seslar*, 569 N.E.2d 380, we held that a [sic] 55.6–44.2 split was significant noting that the marital estate was "not large". *Id.* at 381. In *Cox v. Cox* (1991), Ind.App., 580 N.E.2d 344, *trans. denied*, a majority of the court agreed that a 56–44 split amounting to a deviation from equality in excess of $25,-000.00 was substantial.[3]

A case-by-case analysis of mere percentage disparity is not determinative. In *Cox, id.*, Judge Hoffman stated that a 56–44 division was insubstantial in a marital estate worth in excess of $400,000.00. In *Seslar*, 569 N.E.2d 380, we held that a [sic] 55.6–44.2 division was substantial for an estate that was "not large."

■ We believe that the question of whether a particular deviation from equality is substantial or not depends upon the size of the marital estate. The less property one has, the dearer that property is. *Mark* 12:41–44 (A widow's gift of two (2) copper coins represents a greater sacrifice than a rich man's gift of a large amount of money.) In the present case, the marital estate divided is "not large." Angela, the primary physical custodian of three (3) children, was awarded a little more than $11,-000.00 and the deviation from equality amounted to approximately $1,600.00. We cannot say that the present deviation from equality would represent an insubstantial amount of money to Angela.

---

**2.** However, our examination of the Court of Appeal's memorandum decision, *Kirkman v. Kirkman* (1989), Ind.App., 547 N.E.2d 1133, has revealed that the *Kirkman* division was a 55–45 split of a net estate valued at approximately $45,000.00. Therefore, in terms of relative percentages, the *Kirkman* division was a less substantial deviation from equality than every case analyzed in this opinion including the present division under review. Also, the *Kirkman* marital estate was significantly larger than the present marital estate under review.

**3.** The *Cox* court unanimously rejected the appeal of the spouse who received more than one-half of the marital estate. Judge Rucker, in his dissenting opinion, would have reversed the property division in favor of the appellee spouse who received less than one-half of the marital estate. Judge Shields, in her concurring and dissenting opinion, agreed with Judge Rucker that the award was erroneous but was not willing to reverse the property division in favor of the appellee spouse who had not raised cross-error.

Therefore, we must reverse and remand with instructions that the trial court either follow the statutory presumption and effect an equal division of marital property, or to set forth its rationale for not doing so. *See, Davidson*, 540 N.E.2d 641.

Judgment reversed.

SHARPNACK, C.J., and BAKER, J., concur.