**Hermoine Kay FIELDS, Appellant–Respondent Below,**

v.

**Robert Montel FIELDS,
Appellee–Petitioner.**

No. 18A02–9305–CV–228.

Court of Appeals of Indiana,
Third District.

Dec. 16, 1993.

---

Alan K. Wilson, Muncie, for appellant.

Donald D. Chiappetta, Muncie, for appellee.

STATON, Judge.

■ Hermoine Kay Fields ("Kay") appeals from the trial court's judgment dissolving her marriage to Robert Montel Fields ("Robert"). Kay presents two issues for our review which we restate as follows:[1]

I. Whether the trial court properly excluded Robert's business assets from the marital estate.

II. Whether the trial court abused its discretion by denying Kay's request for rehabilitative maintenance.

The facts most favorable to the judgment reveal that Robert and Kay were married in 1963. Prior to their marriage, Kay was employed as a secretary. During their marriage, Kay worked in the home and Robert was employed as a tool designer. Robert filed a petition for divorce from Kay in June of 1989. Subsequent to filing for divorce, Robert started a business which became moderately profitable, and Kay became employed as a pharmacist assistant. The parties reconciled for approximately six months in 1991. While they were reconciled, Kay prepared the evening meal and the couple slept together in the marital home. Robert continued to maintain a separate residence. Although Robert paid the household bills during the reconciliation period, Kay was otherwise self-supporting. After all attempts to reconcile failed, divorce was granted on November 16, 1992.

## I.

### Division of Marital Assets

■ Kay argues that because the parties reconciled after Robert started a business, the assets from that business should be included in the marital estate. In reviewing the trial court's division of property, we consider only the evidence favorable to the judgment, and will reverse only upon an abuse of discretion. *Hoskins v. Hoskins* (1993), Ind.App., 611 N.E.2d 178, 179. We will find an abuse of discretion only if the result is clearly against the logic and effect of the facts and the reasonable inferences to be drawn therefrom. *Id.*

■ Indiana law governs the disposition of marital assets in a dissolution proceeding. According to statute:

> ... [T]he court shall divide the property of the parties, whether owned by either spouse prior to the marriage, acquired by either spouse in his or her own right after the marriage and prior to final separation of the parties, or acquired by their joint efforts, in a just and reasonable manner....

IND. CODE 31–1–11.5–11(b) (Supp.1992). This provision defines "final separation" as the date of filing of the petition for dissolution. I.C. 31–1–11.5–11(a).

Robert filed a dissolution petition on June 21, 1989. Accordingly, the assets from Robert's business, established subsequent thereto, were not included in the trial court's findings regarding property division. Kay argues that because the parties reconciled, the assets from Robert's business were acquired by joint efforts and should be included in the marital estate.

We reject this argument. The undisputed testimony indicates that Kay did not contribute to Robert's business, either fi-

---

1. Kay also challenges the trial court's judgment denying her request for attorney fees and awarding $500.00 in attorney fees to Robert. However, Kay cites no authority to support her argument, and her failure to do so waives this issue on appeal. Ind. Appellate Rule 8.3(A)(7); *Garrod v. Garrod* (1992), Ind.App., 590 N.E.2d 163, 172, *reh. denied.*

nancially or by providing services. Her argument that the business was developed through the parties' joint efforts hinges solely on the theory that the parties reconciled, and that maintaining the household constituted her efforts toward the business. The trial court found otherwise, and the record sufficiently supports that finding. Thus we affirm the trial court's judgment with respect to division of marital assets.

## II.

### Rehabilitative Maintenance

■ Kay argues that the disparity between her and Robert's incomes coupled with her absence from the workforce during the marriage entitles her to an award of rehabilitative maintenance. The decision to award maintenance is reviewed under the same abuse of discretion standard articulated above. *In re Marriage of Richmond* (1992), Ind.App., 605 N.E.2d 226, 228. When confronted with a maintenance request, the trial court looks to the following statutory guidelines:

(3) After considering:

(A) the educational level of each spouse at the time of the marriage and at the time the action is commenced;

(B) whether an interruption in the education, training, or employment of a spouse who is seeking maintenance occurred during the marriage as a result of homemaking or child care responsibilities or both;

(C) the earning capacity of each spouse, including educational background, training, employment skills, work experience, and length of presence in or absence from the job market; and

(D) the time and expense necessary to acquire sufficient education or training to enable the spouse who is seeking maintenance to find appropriate employment;

a court may find that rehabilitative maintenance for the spouse seeking maintenance is necessary ...

IND. CODE 31–1–11.5–11(e)(3) (Supp.1992). This court will presume that the trial court properly considered these applicable statutory factors in reaching its decision. *McBride v. McBride* (1981), Ind.App., 427 N.E.2d 1148, 1152. We will not reweigh the evidence or make credibility determinations. Our task is limited to determining if there is sufficient evidence to support the trial court's judgment. *Hoskins, supra.*

■ The record supports the conclusion that the trial court properly considered these factors in reaching its decision. Both parties are in comparable financial positions. In 1991, Kay's net income was $10,819, and Robert's net income was approximately $15,000. Neither party is college educated, and there is no evidence that Kay gave up educational opportunities because of her homemaking responsibilities. We therefore cannot conclude that the trial court abused its discretion in denying Kay's request for rehabilitative maintenance.

Affirmed.

HOFFMAN and CONOVER, JJ., concur.