Robert J. **SIMPSON, Appellant–Respondent,**

v.

Eileen M. **SIMPSON, Appellee–Petitioner.**

No. 45A03–9403–CV–123.

Court of Appeals of Indiana.

May 22, 1995.

James M. Kapitan, Thomas E. Rucinski, Hammond, for appellant.

Steven L. Langer, Valparaiso, for appellee.

## OPINION

HOFFMAN, Judge.

Appellant-respondent Robert J. Simpson appeals from the trial court's order in the dissolution of his marriage to appellee-petitioner Eileen M. Simpson. The facts relevant to appeal are set forth below.

Eileen and Robert were married in May of 1973. One daughter, Christine, was born to the marriage in October 1979. Eileen filed for divorce in May 1991.

At the time of filing, Robert had a Master's Degree in Business Administration and was working at an annual salary of $78,520.00. He was also eligible to a yearly bonus based on his employer's annual profits.

During the marriage, Eileen had earned an Associate's Degree in Marketing. However, after Christine's birth, Eileen had worked as a full-time housewife and mother. Upon filing for divorce, Eileen obtained employment at an annual salary of approximately $20,000.00.

The marriage was dissolved by court order on June 15, 1993. At that time, Eileen was three classes and nine credits away from a Bachelor's Degree in Supervision.

By prior agreement of the parties, Eileen received custody of Christine, and Robert received visitation privileges. However, the trial court ordered Robert to pay child support and other expenses, including "80% of any work-related child care expenses."

In its order, the trial court found the marital estate to include: an inheritance received by Eileen totalling $37,068.00, of which $9,000.00 remained, the marital home, IRA accounts containing approximately equal sums, Robert's company pension plan and savings plan, various household items, life insurance and coins, bank accounts, the parties' two cars, a profit sharing bonus earned by Robert in 1991, and other items.

The trial court awarded 65% of the marital estate to Eileen and 35% to Robert. Also divided by the court were the parties marital debts. Additionally, the trial court ordered Robert to pay $600.00 in rehabilitative maintenance to assist Eileen in completing her education. This appeal ensued.

On appeal, Robert raises several issues, which we restate as:

(1) whether the trial court erred in its division of the marital estate;

(2) whether the trial court erred in awarding Eileen rehabilitative maintenance; and

(3) whether the trial court erred in requiring Robert to pay for work-related child care expenses for Christine.

 Subject to the statutory presumption that an even distribution of assets is just and reasonable, the disposition of marital property is committed to the sound discretion of the trial court. *Livingston v. Livingston* (1992), Ind.App., 583 N.E.2d 1225, 1227–1228, *trans. denied;* IND.CODE § 31–1–11.5–11(c) (1993 Ed.). On review, this Court may neither reweigh the evidence nor assess the credibility of witnesses. *Id.* Instead, the Court may consider only the evidence most favorable to the trial court's disposition which is considered as a whole, and not item by item. *Id.* Reversal of the trial court's decision is appropriate only where the decision is clearly against the logic and effect of the facts and circumstances. *Id.* Additionally, the party challenging a division of marital assets is charged with overcoming the presumption that the trial court considered all evidence and properly applied the statutory factors. *Id.*

 Robert contends the trial court abused its discretion in awarding 65% of the marital estate to Eileen while awarding only 35% to him. Specifically, he argues the trial court failed to consider his contribution to acquisition of 90% of the marital property, his reduction of the principal on the mortgage to their residence, and the amount of the marital debts allotted to him.

IND.CODE § 31–1–11.5–11 provides, in pertinent part:

"(c) The court shall presume that an equal division of the marital property between the parties is just and reasonable. However, this presumption *may be rebutted by a party who presents relevant evidence, including evidence concerning the following*

*factors, that an equal division would not be just and reasonable:*

> (1) The contribution of each spouse to the acquisition of the property, regardless of whether the contribution was income producing.
>
> (2) The extent to which the property was acquired by each spouse prior to the marriage or *through inheritance or gift.*
>
> (3) The *economic circumstances of each spouse at the time the disposition of property is to become effective,* including the desirability of awarding the family residence or the right to dwell in that residence for periods as the court may deem just to the spouse having custody of any children.
>
> (4) The *conduct of the parties during the marriage as related to the disposition or dissipation of their property.*
>
> (5) The *earnings or earning ability of the parties as related to a final division of property and final determination of the property rights of the parties.*"

(Emphasis added.)

In making its award, the trial court explicitly took into consideration Eileen's inheritance and the fact that only $9,000.00 remained in the account due to Robert's dissipation of the funds during the course of the marriage. The trial court also found that Eileen had only recently obtained employment at the rate of $20,000.00, while Robert was employed at a salary in excess of $78,000.00. Additionally, the trial court found that Eileen's employment and education had been interrupted during the parties' marriage due to her duties as a full-time wife and mother; thus, her earning capacity was substantially lower than that of Robert. These were all factors properly considered by the trial court in making its division of property. *See* IND.CODE § 31–1–11.5–11.

■ Robert's contention that his work bonus was improperly included within the marital estate, is without merit. The bonus was contingent upon him being employed in March 1992. The final dissolution order was entered on June 15, 1993. Thus, the bonus was properly considered as part of the marital estate. *See Libunao v. Libunao* (1979), 180 Ind.App. 242, 388 N.E.2d 574, 577 (property with vested interest at time of dissolution may be divided as marital asset).

■ Similarly without merit is Robert's complaint that the trial court improperly credited Eileen for marital debts she assumed while failing to do the same for him. The trial court reasonably found that because Eileen had voluntarily paid living expenses for the marital residence, totalling $4,500.00, of which Robert was obligated to pay, Robert must assume payment of the parties' joint bank cards, totalling $2,475.00. In short, Robert's arguments on appeal regarding the division of marital property merely amount to a request to reweigh the evidence, which we will not do. *See Livingston,* 583 N.E.2d at 1228.

■ Next, Robert contends the trial court erred in awarding the $600.00 in rehabilitative maintenance to Eileen. He argues that Eileen is presently gainfully employed and can pay for her own education, that she presented no evidence that finishing her degree would allow her any greater earning capacity, and that she presented no evidence entitling her to rehabilitative maintenance.

However, as noted above, the trial court specifically took into consideration the parties' various levels of education, the interruption of Eileen's employment and education, the disparity in their incomes, and the fact that her earning capacity was diminished because of her responsibilities during the marriage. These factors were all proper factors to consider in the award of rehabilitative maintenance. Moreover, the amount was not unreasonable. *See* IND.CODE § 31–1–11.5–11(e).

■ Robert claims the trial court erred in requiring him to pay for work-related child care expenses for Christine. In support of this contention, he points to the fact that Christine is 14 years old and even capable of working as a babysitter herself.

At the hearing, Eileen opined that Christine is in need of paid-for supervision during the summer months. Eileen stated that during the marriage, she was able to stay home to personally provide quality care for Chris-

tine. She stated that now that she must work to provide for both of them, she is unable to personally provide the same level of care which Christine is accustomed to.

The Indiana Child Support Guidelines require work-related child care expenses to be reasonable and to not "exceed the level required to provide quality care for the children." Ind.Child.Support Guideline 3(E)(1). However, they do not set a specific age as to when such expenses are unnecessary and therefore unreasonable. As this determination lies within the sound discretion of the trial court and evidence exists to support the trial court's decision, the award of work-related child care expenses is not in error in and of itself.

However, Robert also argues the trial court erred in failing to abate the amount he is required to pay during those extended periods when Christine is with him, e.g., one-half of her summer vacation. The record discloses that although the trial court abated other child-related expenses incurred during extended periods of visitation, the trial court failed to abate this particular expense in a similar manner. It is unnecessary and unreasonable to require Robert to pay for work-related child care supervision incurred by Eileen during that time when Christine is not under her supervision.

■ Eileen seeks appellate attorney's fees pursuant to IND.CODE § 34–1–32–1(b) (1993 Ed.) claiming *inter alia* Robert's appeal is frivolous. However, Robert's arguments on appeal are not "utterly devoid of all plausibility." *Orr v. Turco Mfg. Co., Inc.* (1987), Ind., 512 N.E.2d 151, 152. Hence, Eileen is not entitled to an award of attorney's fees.

In making its award concerning work-related child care expenses, the trial court improperly failed to take into consideration those periods in which Christine is living with Robert and abate the award by such amount. As such, we remand this cause to the trial court to modify its order accordingly. The decision of the trial court is affirmed in all other respects.

Affirmed in part; reversed in part and remanded with instructions.

STATON and RILEY, JJ., concur.