Sue Ellen MILLER, Appellant–
Respondent,

v.

Michael MILLER, Appellee–Petitioner.

No. 34A05–0106–CV–282.

Court of Appeals of Indiana.

Feb. 21, 2002.

Mark A. Ryan, Kokomo, IN, Attorney for Appellant.

Mark A. Dabrowski, Dabrowski Law Office, Kokomo, IN, Attorney for Appellee.

## OPINION

KIRSCH, Judge.

Sue Ellen Miller ("Wife") appeals the trial court's property disposition order arising from the dissolution of her marriage to Michael "Andy" Miller ("Husband"). She presents two issues for review, which we restate as:

I.    Whether the trial court abused its discretion in its valuation of the marital residence by failing to consider that Wife brought this asset into the marriage.

II.   Whether the trial court abused its discretion by determining that a child support judgment was an asset of the marriage and awarding the judgment to the Wife in dividing the marital property.

We reverse and remand.

## FACTS AND PROCEDURAL HISTORY

The parties married on December 28, 1993. Husband filed his Dissolution Petition on April 5, 2000. There were no children born of the marriage; however, on May 27, 1997, Husband adopted Wife's teenage son by a prior relationship. Despite a court order to pay child support, the child's biological father had failed to pay, and on January 5, 1998, the Howard Circuit Court granted Wife's Petition to Reduce Back Support to Judgment. The child support arrearage judgment entered in Wife's favor was for $17,675.00, plus interest.

At the time of their marriage, Wife owned a home that she purchased in 1988 for $40,000.00 with a $10,000.00 down payment from a loan from her mother. Both parties were substantially employed during the course of the marriage. Husband was employed with Chrysler Corporation and also received income from the military reserve and from a VA disability. Prior to the marriage, Husband had contributed to a deferred pay account through Chrysler for a pre-marital value of $6,237.56. At the time of the dissolution, the account was valued at over $68,000.00.

In the property disposition order, the trial court awarded Wife the child support arrearage judgment, and Husband the deferred pay account. In its order, the court determined that its division of the marital assets resulted in an approximate division ratio of 45% to 55% in favor of Husband. However, the court noted that "because not all property was appraised; the debt of [Wife] to her mother will likely not be repaid; and the fact that the value of the non-itemized personal property awarded to [Wife] is of much greater value than that awarded to [Husband], the Court finds the division equitable." *Appellant's Appendix* at 27–28. Wife now appeals.

## DISCUSSION AND DECISION

Our standard of review in dissolution cases is deferential; we may not reweigh the evidence or assess the credibility of witnesses. *Quillen v. Quillen,* 671 N.E.2d 98, 102 (Ind.1996); *Euler v. Euler,* 537 N.E.2d 554, 556 (Ind.Ct.App.1989). We consider only the evidence most favorable to the trial court's disposition of marital property. *Fields v. Fields,* 625 N.E.2d 1266, 1267 (Ind.Ct.App.1993), *trans. denied* (1994).

A trial court must divide the property of the parties in a just and reasonable manner and that includes property owned by either spouse prior to the marriage, acquired by either spouse after the marriage and prior to final separation of the parties, or acquired by their joint efforts. IC 31–15–7–4. An equal division of marital property is presumed to be just and reasonable. IC 31–15–7–5. This presumption however may be rebutted by a party who presents relevant evidence, including evidence of the following factors:

(1) The contribution of each spouse to the acquisition of the property, regardless of whether the contribution was income producing.

(2) The extent to which the property was acquired by each spouse:

(A) before the marriage; or

(B) through inheritance or gift.

(3) The economic circumstances of each spouse at the time the disposition of the property is to become effective, including the desirability of awarding the family residence or the right to dwell in the family residence for such periods as the court considers just to the spouse having custody of any children.

(4) The conduct of the parties during the marriage as related to the disposition or dissipation of their property.

(5) The earnings or earning ability of the parties as related to:

(A) a final division of property; and

(B) final determination of the property rights of the parties.

*Id.; In re Marriage of Coyle,* 671 N.E.2d 938, 941–42 (Ind.Ct.App.1996). The party challenging the trial court's property division must overcome a strong presumption that the court considered and complied with the applicable statute. *Id.* at 942 (citing *Hodowal v. Hodowal,* 627 N.E.2d 869, 871 (Ind.Ct.App.1994), *trans. denied* ). This presumption is one of the strongest presumptions applicable to our consideration on appeal. *Id.* (citing *In re Marriage of Stetler,* 657 N.E.2d 395, 398 (Ind.Ct.App.1995), *trans. denied* (1996)).

Subject to the presumption that an equal division of assets is just and reasonable, the trial court has broad discretion in valuing and dividing marital property. *Quillen,* 671 N.E.2d at 102; *Simpson v. Simpson,* 650 N.E.2d 333, 335 (Ind.Ct.App.1995). The trial court's determination will only be set aside for abuse of discretion. *Quillen,* 671 N.E.2d at 102. An abuse of discretion does not occur if there is sufficient evidence to support the trial court's decision but rather only if the

decision is clearly against the logic and effect of the facts and circumstances before the court. *Id.*

When marital property is divided, both assets and liabilities must be considered. *Dusenberry v. Dusenberry,* 625 N.E.2d 458, 461 (Ind.Ct.App.1993). Because it will likely upset the division of property equation, the adjustment of one asset or liability may require the adjustment of another to avoid an inequitable result or may require the reconsideration of the entire division of property. *Id.*

## I. Valuation of Marital Residence

Wife first claims that the trial court abused its discretion in its valuation of the home as a marital asset and by failing to properly consider that Wife had acquired the home prior to the marriage. She further maintains that the court failed to adequately explain or support its deviation from the presumptive equitable division.

We first note that the burden of producing evidence as to the extent and value of the marital assets rests upon the parties to the dissolution proceeding. *In re Marriage of Coyle,* 671 N.E.2d at 945 (citing *Neffle v. Neffle,* 483 N.E.2d 767, 770 (Ind.Ct.App.1985), *trans. denied* (1986)). Notwithstanding Wife's argument, our review of the record before us does not establish that the trial court failed to properly value the marital home. Two appraisals were submitted at the final hearing: the first, submitted by Husband, placed a value on the residence of $74,000.00; the second, submitted by Wife, placed the value at $67,500.00. The trial court's valuation of the marital residence was supported by this evidence, and therefore was not an abuse of discretion as it is not clearly against the logic and effect of the evidence presented.

Furthermore, the trial court's order dividing the marital estate in an unequal manner was fully explained by the trial court and supported by the evidence submitted by the parties. As previously stated, the trial court justified the 45% to 55% division in favor of Husband by specifically explaining in its order that "because not all property was appraised; the debt of [Wife] to her mother will likely not be repaid; and the fact that the value of the non-itemized personal property awarded to [Wife] is of much greater value than that awarded to [Husband], the Court finds the division equitable." *Appellant's Appendix* at 27–28.

Turning to the question of Wife's pre-marital equity in the home, we conclude that the case must be remanded to the trial court for proper consideration of her contribution in light of the fact that the trial court excluded Husband's pre-marital equity in his deferred pay account in its division. The court ignored Wife's pre-marital equity in the home while at the same time crediting the Husband with the pre-marital equity in his deferred pay account. It was an abuse of discretion for the trial court to not similarly treat the pre-marital equity Wife had in the marital residence or explain the different treatment. Although recognizing that allocation of marital assets is traditionally a matter left to the sound discretion of the trial court, in this case we must remand for redetermination of the division of the marital estate. Because the trial court apparently credited Husband with the pre-marital equity in his deferred pay account, the trial court on remand must either provide credit to Wife for the pre-marital equity in the marital residence or otherwise explain its failure to do so.

## II. Child Support Judgment

Wife next contends that the trial court erred by treating the child support

judgment as an asset of the marriage and awarding it to Wife. She specifically argues that the trial court erred in even considering the judgment as marital property because the judgment belonged not to Wife as custodial parent but instead to her child. Wife further maintains that assuming arguendo that the judgment is an asset of the marital estate, the trial court erred in its valuation of the judgment because there was no basis from which it could conclude that the judgment could ever be collected. Wife therefore argues that the judgment has no value.

Prior to the marriage, Wife gave birth to a son on January 18, 1982 from a previous relationship. The child's biological father was ordered to pay child support, but failed to do so. At the time of the marriage, the child was eleven years old, and Husband assumed the role of father, later adopting the child in 1997. Both Husband and Wife decided to take action to obtain collection of the delinquent support obligation. On January 5, 1998, the Howard Circuit Court entered an order in favor of Wife reducing the $17,675.00 in delinquent support to judgment. At the time of the judgment, the biological father was incarcerated in Kentucky, serving four life sentences. Testimony at the final hearing revealed that he had a retirement plan from former employment and that a Qualified Domestic Relation Order (QUADRO) had been obtained against the retirement plan.[1] The expectation of the parties was that the judgment could be collected once the biological father receives his retirement; however, the retirement plan is of undetermined value.

In first determining whether the child support judgment is an asset of the marital estate, we are bound by the recent decision of our supreme court in *Warsco v. Hambright,* 762 N.E.2d 98 (Ind.2002).

The issue raised in *Warsco* concerned whether Warsco, a bankruptcy trustee, had a legal interest to collect past due child support owed to a custodial parent who filed bankruptcy. In concluding that Warsco had no interest in the delinquent child support, the court held that child support arrearages are not property of the custodial parent, and a trustee in bankruptcy has no interest in them.

In excluding the arrearage from the marital estate, the court determined as a matter of law that arrearages are held for the children, and the custodial parent has no individual interest in the arrearage. Applying such meaning here, we conclude that the trial court erred in determining that the child support judgment was includible as an asset of the marital estate. Having determined that the child support judgment is not an asset of the marriage, we do not reach the issue of how to treat the asset given its questionable collectibility.

In sum, we remand to the trial court with instructions for a redetermination of the property division. On remand, the trial court shall not include the child support arrearage in the marital estate. With respect to the credit for pre-marital equity in the Husband's deferred pay account, the trial court may either provide Wife with a similar credit for the pre-marital equity in the marital residence or justify its failure to do so.

Reversed and remanded.

ROBB, J., concurs.

SULLIVAN, J., concurs with separate opinion.

SULLIVAN, Judge, concurring.

I concur in the remand with instructions to redetermine the distribution of the property to the parties and that in light of

---

**1.** No such order is contained in the record

before us on appeal.

*Warsco v. Hambright,* the child support arrearage may not be included in the marital estate. I also concur in the majority's resolution of the issue concerning the treatment of the Husband's pre-marital equity in the deferred pay account *vis-à-vis* the Wife's pre-marital equity in the residence. I write separately merely to disagree with the majority's conclusion that, "The trial court's valuation of the marital residence was supported by this evidence...." Op. at 1012. To the contrary, it is evident that the trial court did not place any valuation upon the residence.

Resolution of this issue necessarily affects the percentage distribution of the properly includable marital assets between the parties. The court decree purported to divide the assets in an approximate ration of 45% to 55% in favor of Husband. The valuation of the residence may well alter the percentage awarded each party. For this reason, upon remand I would require the court to place a value upon the residence and to make its distribution award in accordance therewith.

Wife bought the home before the marriage for $40,000, including $10,000 borrowed from her mother. Shortly after the marriage the house was refinanced. At that time the house had an appraised value of $53,000 subject to a $29,000 mortgage. Appellant's Br. at 9. Wife's equity was therefore approximately $24,000. In 2000 when the divorce was filed, the refinanced mortgage balance was $13,900. Husband's valuation of the property was $74,000. Wife's valuation was $67,500. Wife presumes the trial court used Husband's evaluation, but Husband says that the court clearly used Wife's value in setting the house over to her at a figure of $50,100.

On a straight distribution to Wife at the $50,100 figure plus a $13,900 mortgage, the valuation of the house would be $64,000, closer to Wife's figures than Husband's. If the court actually intended to use the $74,000 valuation less $13,900 mortgage, Wife would have received $60,100 rather than $50,100. That additional $10,000 would make the distribution virtually 50–50.

If on the other hand the court failed to give Wife her initial $24,000 equity free and clear, that would leave $50,000 in value distributable between the parties subject to the $13,900 mortgage. In essence then, under such computation, Wife received the equivalent of her $24,000 equity plus $26,000 in current value, totaling $50,000. When the remaining mortgage balance is added, she received a house worth $64,000.

With regard to Wife's mother's $10,000 loan, if the trial court considered it as an additional offset to the equity, Wife received a house worth $74,000 subject to mother's loan and the mortgage. Under this analysis, and reasoning backwards, the residence would approximate Husband's valuation of $74,000.

Given our decision to remand for a recalculation and distribution of the marital assets, for purposes of clarity the trial court should place a valuation upon the residence, and make its distribution accordingly.