Gerald E. **DUSENBERRY**, Appellant–
Respondent,

v.

Carolyn K. **DUSENBERRY**,
Appellee–Petitioner.

No. 33A01–9303–CV–104.

Court of Appeals of Indiana,
First District.

Dec. 6, 1993.

J. Alton Taylor, New Castle, for appellant-respondent.

NAJAM, Judge.

## STATEMENT OF THE CASE

Gerald E. Dusenberry ("Gerald") appeals from the trial court's order granting Carolyn E. Dusenberry ("Carolyn") partial relief from the division of property in their Decree of Marriage Dissolution ("Decree"). When the marriage was dissolved in 1989, Gerald and Carolyn were plaintiffs in a pending personal injury suit. After the suit was settled in 1991, Carolyn petitioned the trial court under Trial Rule 60(B) to modify or rescind that part of the Decree providing for an equal division of the net settlement proceeds from the suit. Carolyn asserted both that the judgment was void for lack of jurisdiction to divide the settlement and mutual mistake. Gerald contends on appeal that the trial court abused its discretion. We agree, and we reverse and remand with instructions.

## ISSUE

The issue presented is whether the trial court abused its discretion in granting Carolyn's petition for partial relief from the division of property in the Decree.

## FACTS AND PROCEDURAL HISTORY

Carolyn and Gerald Dusenberry were both injured in an automobile accident on May 26, 1988. The couple filed suit seeking damages for their personal injuries. Five months later, while the suit was pending, Carolyn filed a petition for dissolution of marriage.

The trial court heard evidence at a final hearing on July 26, 1989, and then continued the hearing and ordered the parties "to initiate good faith settlement efforts." After further negotiations, the parties and their attorneys signed an agreed decree of marriage dissolution which they submitted to the court and which the court approved and entered on August 30, 1989. The Decree included provisions that Gerald and Carolyn would each receive one-half of "any proceeds" from their personal injury claim, after the payment of all bills and attorney fees.

At the time of the Decree, Carolyn had discontinued treatment for her injuries from the accident and both parties believed her condition was quiescent. However, after the dissolution, Carolyn's condition worsened and required a substantial amount of additional medical care and expense. The personal injury suit was finally settled in December of 1991 for $52,500.00. After the payment of medical bills and attorneys fees, $23,745.21 remained.

On January 7, 1992, Gerald filed a motion to show cause and petition to name a commissioner, alleging that Carolyn refused to endorse the settlement check so that the remaining proceeds could be divided. On June 15, 1992, Carolyn filed a petition to modify or rescind that part of the Decree concerning division of the personal injury settlement and asked that the trial court grant relief from judgment under Trial Rule 60(B)(6) and 60(B)(8). On August 24, 1992, the trial court entered an order which denied Gerald's motion and granted Carolyn's motion.

On September 10, 1992, Gerald filed a motion to correct error. After an evidentiary hearing on March 8, 1993, the trial court entered findings and conclusions confirming and expanding upon its previous order. The court found that when the Decree was entered, the parties had each believed the suit would yield a settlement of about $10,000.00, that they had not anticipated Carolyn would incur additional medical expenses and that Gerald should not be allowed "to profit and gain a windfall" from the larger $52,500.00 settlement derived primarily from Carolyn's injuries and her additional medical expenses, pain and suffering which occurred after the dissolution was granted. The court concluded that the agreement to divide the settlement proceeds was based upon a mutual mistake and also that the proceeds from the suit were contingent and, therefore, were not subject to distribution when the Decree was entered. The court ordered that Gerald receive $5,000.00 and that Carolyn receive $18,745.21 of the net proceeds from the personal injury settlement. Gerald appeals.

## DISCUSSION

### Standard of Review

■ Generally, our review of the grant or denial of a Trial Rule 60(B) ("Rule 60(B)") motion is limited to whether the trial court abused its discretion. *Summit Account & Computer v. Hogge* (1993), Ind. App., 608 N.E.2d 1003, 1005. However, Carolyn chose not to file an appellee's brief. Where the appellee fails to file a brief, we apply a less stringent standard of review, and it is within our discretion to reverse the trial court's decision if the appellant makes a prima facie showing of reversible error. *Matter of Paternity of R.C.* (1992), Ind.App., 587 N.E.2d 153, 155. Prima facie error is error which appears at first sight, on first appearance, or on the face of the argument. *Champion Home Builders Co. v. Potts* (1989), Ind.App., 538 N.E.2d 280, 281. This rule is not for the benefit of the appellant. It was established for the protection of the court so the court might be relieved of the burden of controverting the arguments advanced for a reversal where such a burden rests upon the appellee. *Ligon Specialized Hauler, Inc. v. Hott* (1979), 179 Ind.App. 134, 136,

384 N.E.2d 1071, 1073. Thus, in this case, Gerald must simply make a prima facie showing of error.

### Statutory Limitations on Modification of Property Settlements

Our Dissolution of Marriage Act provides that the parties to a dissolution of marriage may agree in writing to provisions for the disposition of property owned by either or both of them. IND.CODE § 31–1–11.5–10(a). If approved by the court, the terms of the agreement are incorporated and merged into the dissolution decree and the parties are ordered to perform them. IND.CODE § 31–1–11.5–10(b). "The disposition of property settled by such an agreement and incorporated and merged into the decree shall not be subject to subsequent modification by the court except as the agreement itself may prescribe or the parties may subsequently consent." IND.CODE § 31–1–11.5–10(c); *Myers v. Myers* (1990), Ind., 560 N.E.2d 39, 42; *Smith v. Smith* (1989), Ind.App., 547 N.E.2d 297, 300. Further, Indiana Code § 31–1–11.5–17(b) provides that orders as to property disposition may not be revoked or modified, except in the case of fraud. *See Joachim v. Joachim* (1983), Ind.App., 450 N.E.2d 121, 122.

■ A strong policy favors the finality of marital property divisions, whether the court approves the terms of a settlement agreement reached by the parties under Indiana Code § 31–1–11.5–10 or the court divides the property under Indiana Code § 31–1–11.5–11. One purpose of this policy is to eliminate vexatious litigation which often accompanies the dissolution of a marriage. *Lankenau v. Lankenau* (1977), 174 Ind.App. 45, 49, 365 N.E.2d 1241, 1244. When marital property is divided, both assets and liabilities must be considered. *Finley v. Finley* (1981), Ind.App., 422 N.E.2d 289, 295, *trans. denied.* Thus, a partial modification of a property settlement agreement will likely upset the division of property equation in the Decree. The adjustment of one asset or liability may require the adjustment of another to avoid an inequitable result or may require the reconsideration of the entire division of property.

Accordingly, Gerald first contends there is no authority under the Act for the court to modify, rescind or grant relief from the property settlement agreement. While the Act generally prohibits modification of a property settlement agreement, it does not preclude relief from judgment as provided under Trial Rule 60(B). *See* IND.CODE § 31–1–11.5–17(a). Upon motion by a party, and after a hearing, the trial court retains equitable jurisdiction under Rule 60(B) to modify a division of property. *Joachim,* 450 N.E.2d at 122; *see Lankenau,* 174 Ind.App. at 48, 365 N.E.2d at 1243 (dissolution statute does not prevent trial court from correcting judgment to conform to the intent of the court in entering judgment in the first instance). Thus, notwithstanding statutory limitations on the modification of property settlement agreements, we must consider whether the trial court's order may be sustained under the equitable relief provisions of Trial Rule 60(B).

### Relief From Judgment under Rule 60(B)(6) and 60(B)(8)

Carolyn petitioned the court to modify or rescind a part of the division of property under Trial Rule 60(B)(6) and 60(B)(8). The trial court did not specify in its findings and conclusions which, if any, provision of Rule 60(B) it relied upon to grant Carolyn partial relief from the Decree, but it stated the rationales for its order. We conclude that none of the circumstances apparently relied upon by the trial court under Rule 60(B) apply here to warrant equitable relief.

#### A. Jurisdiction

■ Carolyn asserted that the trial court lacked "jurisdiction" over the pending tort claim and, therefore, that the division of the settlement proceeds was void. We cannot determine from the record whether the trial court agreed with Carolyn and applied Rule 60(B)(6), which provides that a court may relieve a party from an entry of final judgment if the judgment is void. Relief from a "void judgment" is available when the trial court lacked either

personal or subject matter jurisdiction. *Person v. Person* (1990), Ind.App., 563 N.E.2d 161, 163. Neither circumstance has been shown here. Carolyn actually alleged that the Decree was erroneous, as a matter of law, because the value of the personal injury settlement was contingent and was not a marital asset which could be divided. The error alleged is not jurisdictional. The Decree was not void. Thus, Rule 60(B)(6) does not apply.

### B. Mutual Mistake

■ The trial court found that the parties should not be bound by an agreement based upon a mutual mistake. Relief from judgment may be granted for mistake, surprise, or excusable neglect under Rule 60(B)(1). However, Rule 60(B) provides that relief under Rule 60(B)(1) may not be granted more than one year after the judgment or order was entered. More than one year elapsed between the date the Decree was entered in 1989 and the date Carolyn's petition to modify was filed in 1991.

■ Because relief under Rule 60(B)(1) was unavailable, Carolyn sought shelter under Rule 60(B)(8) which permits the court to grant relief for motions filed "within a reasonable time." Ind.Trial Rule 60(B). However, under Rule 60(B)(8), relief from judgment may be granted "for any reason justifying relief from the operation of the judgment, other than those reasons set forth in sub-paragraphs (1), (2), (3), and (4)." Rule 60(B)(1) and 60(B)(8) are therefore mutually exclusive, and relief under subdivision (8) is not available if the grounds for relief properly belong in another of the enumerated subdivisions. *In re Marriage of Jones* (1970), 180 Ind.App. 496, 498–99, 389 N.E.2d 338, 339. Even if a mutual mistake had occurred, Carolyn could not secure relief under the omnibus "any reason justifying relief" provision of Trial Rule 60(B)(8). Thus, the trial court could not properly grant relief from judgment under Rule 60(B)(8).

### C. Dissolution Agreement

In its final order, the trial court also stated that the proceeds of a lawsuit were contingent and were not subject to distribution by the court at the time of dissolution, citing *Libunao v. Libunao* (1979), 180 Ind. App. 242, 388 N.E.2d 574. In *Libunao*, the value of the husband's retirement fund was at issue. We held that a contingent interest in property lacks the requisite certainty to be divided, and that while the future value of an asset may be considered, the final distribution must be based upon the present vested interest of the asset. *Id.* at 577.

The trial court was apparently relying upon the general principle from *Libunao* and a long line of cases that marital property includes only those assets in which the parties have a vested present interest. Indeed, we have held that a tort claim for personal injury which has not been reduced to a judgment has no readily ascertainable value and is not marital property capable of division at the time of dissolution. *See, e.g., McNevin v. McNevin* (1983), Ind.App., 447 N.E.2d 611, 616, *trans. denied.* A tort claim is a chose in action, a property right recoverable by suit, but the contingent and speculative nature and value of a chose in action is what makes it incapable of division and hence excluded from the marital estate. *Neffle v. Neffle* (1985), Ind.App., 483 N.E.2d 767, 771–72, *trans. denied.; see also Murphy v. Murphy* (1987), Ind.App., 510 N.E.2d 235, 237; *Ligon*, 179 Ind.App. at 136, 384 N.E.2d at 1073.

We conclude that the rule and the reasoning in *McNevin*, *Neffle* and *Murphy* do not apply under these circumstances. In those cases, we held that a pending tort claim is not *marital* property which the trial court has the authority to divide pursuant to Indiana Code § 31–1–11.5–11. However, in none of those cases did the parties enter into a property settlement agreement to divide the contingent claim.

■ Here, the cause of action had accrued and was pending. Carolyn and Gerald agreed to share the fruits of a joint cause of action against a third party and for the purpose of their settlement to treat the same as if it were a vested marital asset. The parties to a dissolution may

take advantage of the statutory provision for property settlement agreements to establish and protect their financial interests, and to obtain results which a trial court might not have authority to impose upon them without their consent. *In re Marriage of Owens* (1981), Ind.App., 425 N.E.2d 222, 224. This is such an instance.

The public policy of this state favors separation agreements. *Myers,* 560 N.E.2d at 42; *Smith,* 547 N.E.2d at 300. A property settlement agreement incorporated into a decree of marriage dissolution is a binding contract, and the trial court may not modify or revoke the settlement absent fraud, duress or undue influence. *Johnson v. Johnson* (1991), Ind.App., 575 N.E.2d 1077, 1080. Our statute gives the parties "freedom to make continuing financial arrangements in a spirit of amicability and conciliation," and such agreements are binding upon the parties if approved by the trial court. *Smith,* 547 N.E.2d at 300.

The asset to be divided was clearly identified, and the agreement of the parties to divide "any proceeds" was definite and unambiguous. As in most personal injury actions, the ultimate value of the suit was uncertain. Nevertheless, the intent of the parties to a property settlement agreement should be determined by the language employed in the document, and it is only where the terms are ambiguous that other evidence of intent should be considered. *In re Marriage of Bradley* (1982), Ind. App., 433 N.E.2d 54, 55. The term "any proceeds" was bargained for and decided upon. *See id.* By agreement of the parties, the cause of action was in the marital pot, and the provisions in the Decree which divided the personal injury claim were enforceable.

### CONCLUSION

We hold that Carolyn's petition was an impermissible attempt to modify the property settlement agreement and that the trial court abused its discretion when it modified the division of property contained within the Decree and granted Carolyn relief from judgment. Indiana Code Sections 31-1-11.5-10(c) and 31-1-11.5-17(a) prohib-

it modification of property dispositions contained within dissolution decrees, absent modification as may be prescribed by the agreement itself or subsequent consent of the parties or in the event of fraud. No grounds for relief from the unambiguous contract terms of the property settlement agreement have been shown under Trial Rule 60(B). Gerald has made a prima facie showing of reversible error.

The judgment of the trial court is reversed and remanded with instructions to reinstate the provisions in the original Decree which provide for an equal division of the net proceeds from the personal injury settlement.

Reversed and remanded with instructions.

ROBERTSON and SHIELDS, JJ., concur.