In re the Marriage of David E.
MURPHY, Appellant–
Petitioner,

v.

Debra K. MURPHY, Appellee–
Respondent.

No. 34A02–9710–CV–676.

Court of Appeals of Indiana.

Aug. 31, 1998.

Rehearing Denied Oct. 28, 1998.

Dan J. May, Kokomo, for Appellant–Petitioner.

## OPINION

DARDEN, Judge.

### STATEMENT OF THE CASE

David Murphy appeals the trial court's grant of Debra Murphy's motion for relief from judgment pursuant to Ind. Trial Rule 60(B).

We affirm.

### ISSUE

Whether the trial court erred in granting Debra's motion.

### FACTS

David and Debra Murphy were divorced in 1981. Their son, Douglas, graduated from Purdue University on May 11, 1996. On May 15, 1996, David filed a petition to terminate an educational support order. David also claimed that he had overpaid support and he requested a refund of his overpayment. On June 3, 1996, the parties stipulated to the following facts: Douglas graduated from Purdue University on May 11,

1996, was enrolled in a Master's Degree program at the time of graduation, and requested that the Court not terminate the educational support order until January 1, 1997 or the date of his marriage, whichever occurred first. On June 5, 1996, David filed a "Submission of Support Calculations" wherein he alleged that his support overpayment was $2,346.56. (V. 1, p. 31).[1]

On June 25, 1996, Debra's counsel sent David's counsel a letter disputing the amount of David's overpayment. According to Debra, the overpayment was $64.50. The following day, June 26, the trial court issued an order wherein it found that David had overpaid $2,346.56 in support. The trial court ordered this overpayment "credited to [David] as advance payment on his son's Master's Degree program." (V. 1, p. 38).

David appealed the trial court's order, and this court found that the trial court had no authority to order David to pay for Douglas' graduate education, and that it erred in failing to order the support overpayment refunded to him. Therefore, in a memorandum decision, we reversed the trial court's order and "remand[ed] the case for the entry of an order for the repayment of such funds." ("*Murphy I*") (V. 2, p. 14).

On May 30, 1997, Debra filed a motion for relief from judgment pursuant to Ind. Trial Rule 60(B) wherein she alleged that the amount of David's overpayment was not $2,346.56. She further averred that David's counsel agreed that a mathematical error had been made. On July 16, 1997, the trial court entered the following order:

The Court having taken under advisement Respondent's Motion for Relief from Judgment, now finds as follows:

1. Hereto before, this Court determined overpayment of support ... in the sum of $2,346.56 and ordered such payment be credited rather than repaid. The Appellate court ... reversed and remanded that Order to this court ordering "repayment of *such funds.*"

2. Counsel for both parties admit and agree in open court, that the evidence provided to this court to determine overpayment in the amount of $2,346.56, was erroneous. However, Petitioner's counsel argues that this court has no jurisdiction with which to correct that mistake due to the Appellate Court's Order ordering that amount repaid.

3. The Court believes that using its equitable jurisdiction, this Court has the authority to order repayment of "such funds" in the correct amount, and therefore, grants the Motion for Relief from judgment and enters a judgment for the Plaintiff and against the Defendant in the sum of $641.00.[2]

(V. 2, P. 48–49).

## DECISION

■ Generally, our review of the grant of an Ind. Trial Rule 60(B) motion is limited to whether the trial court abused its discretion. *Dusenberry v. Dusenberry*, 625 N.E.2d 458, 460 (Ind.Ct.App.1993). However, Debra chose not to file an appellee's brief. Where the appellee fails to file a brief, we apply a less stringent standard of review, and it is within our discretion to reverse the trial court's decision if the appellant makes a prima facie showing of reversible error. *Id.* Prima facie error is error which appears at first sight, on first appearance, or on the face of an argument. *Id.* This rule is not for the benefit of appellant. *Id.* Rather, it was established for the protection of the court so the court might be relieved of the burden of controverting the arguments advanced for a reversal where such a burden rests upon the appellee. *Id.*

■ David contends that the trial court erred in granting Debra's motion for relief from judgment pursuant to T.R. 60(B). Specifically, he contends that the "trial judge [had] no jurisdiction, equitable or otherwise, to change by way of a T.R. 60 motion the amount of a judgment or an order of remand." David's Brief, p. 14. According to

---

1. David has submitted two volumes of record. The first volume includes pages 1–41, and the second volume includes pages 1–57. Therefore, all citations to the record will list the volume number followed by the page number.

2. The parties subsequently agreed that the amount of overpayment was $461.00. On July 21, 1997, the trial court "correct[ed] its minutes of July 16, 1997, to show judgment should read in the amount of $461.00 instead of $641.00." (V. 2, p. 50).

David, this court remanded "this matter to the trial court with specific and unequivocal instructions directing the trial court to enter judgment for repayment of $2,346.56 to David." David's Brief, p. 5. However, our review of the record reveals that in *Murphy I*, this court reversed and remanded the case for an entry of an order for the repayment of "such funds," referring to David's overpayment. (V. 2, p. 14). This court did not remand the case with instructions that the trial court order Debra to repay David a specific amount. Therefore, the trial court did not change the amount of our judgment or order of remand. Rather, the trial court's grant of Debra's motion for relief from judgment and order of repayment merely corrected the amount of "such funds" that are to be repaid to David. We find no error here.

Nevertheless, David posits that because Debra did not file a motion to correct error or an appellate brief in *Murphy I*, her "T.R. 60 motion is barred by laches." David's Brief, p. 16. He points out that Debra knew that his calculation was erroneous as early as June 1996, when her counsel sent David's counsel a letter disputing the amount of overpayment.

■ Our review of the record reveals that David made the erroneous overpayment calculation and was aware that Debra disputed his calculation as early as June 1996. Further, although he now agrees that the overpayment was $461.00 rather than $2,346.56, he contends that Debra should be ordered to repay him the $2,346.56 because she waited too long to bring an error of which he was aware to the court's attention. Equity looks beneath rigid rules to find substantial justice and has the power to prevent strict rules from working an injustice. *Wabash Valley Coach Co. v. Turner*, 221 Ind. 52, 46 N.E.2d 212, 217 (1943), *cert. denied*, 319 U.S. 754, 63 S.Ct. 1167, 87 L.Ed. 1707 (1943). We find no error in the trial court's grant of Debra's motion for relief from judgment.

Affirmed.

BAKER and BAILEY, JJ., concur.