946 N.E.2d 1191 (2011)
Sean Thomas RYAN, Appellant-Petitioner,
v.
Dee Anna RYAN, Appellee-Respondent.
No. 71A03-1009-DR-453.
Court of Appeals of Indiana.
March 28, 2011.
*1192 Matthew A. Yeakey, Sanders Pianowski, LLP, Elkhart, IN, Attorney for Appellant.
Robert J. Palmer, May Oberfell Lorber, Mishawaka, IN, Attorney for Appellee.

OPINION
BROWN, Judge.
Sean Thomas Ryan ("Husband") appeals the denial of his motion for relief under Ind. Trial Rule 60(B). Husband raises three issues, which we revise and restate as whether the trial court abused its discretion in denying his motion for relief from judgment without hearing pertinent evidence. We reverse and remand.
The relevant facts follow. Husband and Dee Anna Ryan ("Wife") were married on February 28, 2000, and had children in August 2001 and June 2003. Husband filed a verified petition for dissolution of marriage on March 5, 2008. On September 19, 2008, the trial court issued a decree *1193 of dissolution of marriage which incorporated a Property Settlement Agreement (the "Settlement Agreement"). Section 5 of the Settlement Agreement set forth the parties' agreement as to the division of their real estate which included a parcel and house located in Granger, Indiana (the "Granger House"), and a parcel and house located in Union, Michigan (the "Lake House").
Section 5 of the Settlement Agreement also provided that the proceeds from the sale of the Granger House and Lake House would be divided pursuant to a private agreement. The Private Agreement provided in part that either party could bind the other to accept an offer to purchase one of the properties so long as the resulting net proceeds would equal at least $1,100,000 in the case of the Granger House or $300,000 in the case of the Lake House. Following the decree of dissolution, the parties listed the Granger House for sale at a listing price of $1,349,000 and the Lake House at a price of $349,000.
On May 14, 2010, Husband filed a motion for relief from judgment under Ind. Trial Rule 60(B)(8) and argued that the Granger House and the Lake House could not be sold under the terms of the Settlement Agreement and Private Agreement in light of housing prices in St. Joseph County, Indiana, and Cass County, Michigan, respectively, and thus the court's duty under Ind.Code § 31-15-7-4 to divide the property of the parties could not be effectuated without equitable relief. On June 16, 2010, Wife filed a memorandum in opposition to Husband's motion together with an affidavit of a real estate agent. In the memorandum, Wife argued that a property settlement agreement cannot be modified by the court under the circumstances, that Husband's motion fell under Rule 60(B)(1) rather than Rule 60(B)(8) and therefore was untimely, and that Husband's motion was unsupported by admissible evidence. The court held an initial hearing on June 16, 2010 and provided Husband time to file an additional memorandum.
On June 22, 2010, Husband filed a memorandum in support of his motion for relief from judgment and motion for evidentiary hearing together with his affidavit. In the memorandum, Husband argued that the court's non-delegable duty to achieve a final division of property cannot be accomplished without relief from the judgment and that Rule 60(B)(8) is an appropriate method to seek relief from judgment in a marital dissolution proceeding. Also on June 22, 2010, the court held a hearing and gave Wife time to file a response to Husband's memorandum.
On July 16, 2010, Wife filed a memorandum in opposition to Husband's motion for relief and motion for evidentiary hearing. On August 3, 2010, the court entered an order denying Husband's motion for relief under Rule 60(B)(8) and denying the motion to hold an evidentiary hearing. Additional facts will be provided.
The issue is whether the trial court abused its discretion in denying Husband's motion for relief from judgment without hearing pertinent evidence. Motions for relief from judgment are governed by Ind. Trial Rule 60(B), which provides in relevant part:
On motion and upon such terms as are just the court may relieve a party or his legal representative from a judgment. . . for the following reasons:
(1) mistake, surprise, or excusable neglect;
* * * * * *
(8) any reason justifying relief from the operation of the judgment, other than those reasons set forth in subparagraphs (1), (2), (3), and (4).

*1194 The motion shall be filed within a reasonable time for reasons (5), (6), (7), and (8), and not more than one year after the judgment, order or proceeding was entered or taken for reasons (1), (2), (3), and (4). A movant filing a motion for reasons (1), (2), (3), (4), and (8) must allege a meritorious claim or defense.
The burden is on the movant to establish grounds for Trial Rule 60(B) relief. In re Paternity of P.S.S., 934 N.E.2d 737, 740 (Ind.2010). A motion made under Rule 60(B) is addressed to the equitable discretion of the trial court; the grant or denial of the Rule 60(B) motion will be disturbed only when that discretion has been abused. Id. at 740-741 (citation and quotation marks omitted). An abuse of discretion will be found only when the trial court's action is clearly erroneous, that is, against the logic and effect of the facts before it and the inferences which may be drawn therefrom. Id. at 741 (citation and quotation marks omitted). A motion for relief from judgment under Rule 60(B) is not a substitute for a direct appeal. Id. at 740. Rule 60(B) motions address only the procedural, equitable grounds justifying relief from the legal finality of a final judgment, not the legal merits of the judgment. Id.

A. Basis for Relief

We initially address the parties' arguments regarding whether Husband may request and the trial court has the authority to grant relief pursuant to Trial Rule 60(B)(8) under these circumstances. The trial court's order denying Husband's Trial Rule 60(B)(8) motion states in part that Wife filed memoranda in opposition to Husband's request for relief from judgment on June 16, 2010 and July 16, 2010 and that "[a]fter reviewing all of the submitted memorand[a] and citations contained therein, the Court now respectfully denies [Husband's] motion for [Trial Rule] 60(B) relief for generally the reasons stated in [Wife's] memoranda."[1] Appellant's Appendix at 7.
Husband argues that "[i]n filing his [Trial Rule] 60(B)(8) Motion, [he] utilized an approved procedure for the trial court to effectuate a final property settlement." Appellant's Brief at 15. Husband also argues that the trial court's nondelegable duty to effectuate the statutorily required final distribution of marital property cannot be accomplished without relief from the judgment. Wife argues that "[t]here is no evidence of duress, fraud or undue influence," that she "does not consent to a modification of the [] Settlement Agreement," and that "[t]herefore, the trial court did not have authority to grant [Husband's] petition." Appellee's Brief at 8. Wife argues that "[a]ssuming the Court determines that a property settlement agreement can be modified through a Trial Rule 60(B) motion, [Husband's] motion is nevertheless untimely." Id. at 11. Wife argues that a motion for relief under Trial Rule 60(B)(1) must be filed within one year after the entry of the judgment, that "[a]lthough [Husband] characterizes his motion as a Trial Rule 60(B)(8) motion, a review of the reasons set forth in the motion establishes that it is more properly characterized as a motion under Trial Rule 60(B)(1) for mistake, surprise, or excusable neglect with respect to what the real estate would ultimately sell for," that Husband did not file his Trial Rule 60(B) motion within one year of the decree of dissolution, and that therefore his motion was untimely. Id. In his reply brief, Husband argues that at the *1195 time of the Settlement Agreement the parties listed the property based upon comparable market analyses and appraisals, that the subsequent collapse of the fair market values of the houses is uncontroverted, and that based upon the extraordinary circumstances described in his submission in support of his motion the motion was properly characterized as one under Trial Rule 60(B)(8).
Because Husband's motion for relief from judgment was filed over one year after the decree of dissolution, Husband could not seek relief under Trial Rule 60(B)(1). See Trial Rule 60(B); Brimhall v. Brewster, 864 N.E.2d 1148, 1153 (Ind.Ct. App.2007), trans. denied. Husband filed his motion pursuant to Trial Rule 60(B)(8). "The trial court's residual powers under subsection (8) may only be invoked upon a showing of exceptional circumstances justifying extraordinary relief." Id. (citation omitted). "Among other things, exceptional circumstances do not include mistake, surprise, or excusable neglect, which are set out in [Trial Rule] 60(B)(1)." This court has explained:
T.R. 60(B)(8) is an omnibus provision which gives broad equitable power to the trial court in the exercise of its discretion and imposes a time limit based only on reasonableness. Nevertheless, under T.R. 60(B)(8), the party seeking relief from the judgment must show that its failure to act was not merely due to an omission involving the mistake, surprise or excusable neglect. Rather some extraordinary circumstances must be demonstrated affirmatively. This circumstance must be other than those circumstances enumerated in the preceding subsections of T.R. 60(B).
Id. (citation and quotation marks omitted).
Wife does not point to which of Husband's assertions "for granting relief are properly characterized under Trial Rule 60(B)(1)" or develop an argument that the parties' failure to include terms or amounts other than those contained in the Settlement Agreement or the Private Agreement constituted a mistake, surprise, or excusable neglect on the part of the parties. See Appellee's Brief at 11.
In his motion requesting relief from judgment, Husband argued that the Granger House and the Lake House could not be sold under the terms of the Settlement Agreement and Private Agreement in light of housing prices in St. Joseph County, Indiana, and Cass County, Michigan, respectively. Husband alleged that the parties listed the Granger House for $1,349,000, "which was consistent with comparative market analysis of residential real estate in St. Joseph County, Indiana, on or about September 19, 2008, as well as the then most recent appraisal of the Granger [H]ouse." Appellant's Appendix at 31. Husband also alleged that the parties listed the Lake House for $349,000, "which was consistent with comparative market analysis of residential real estate in Cass County, Michigan, as of September 19, 2008, as well as the then most recent appraisal of the Lake [H]ouse." Id. Husband alleged that "subsequent to September 19, 2008 and continuing to this date, real estate values in St. Joseph County, Indiana, and Cass County, Michigan, have significantly decreased" and that "[b]oth realtors for the Granger [House] and Lake [House] have informed the parties that the current listing prices for the Granger [H]ouse and Lake [H]ouse must be significantly reduced in line with their current true market value, in order for the properties to be marketed and sold, as agreed by the parties." Id. at 32. Husband also alleged that realtors have suggested a listing price of $950,000 to $1,150,000 "with a strategy to reduce every thirty (30) days" for the Granger House and a listing price *1196 of $299,000 for the Lake House. Id. Husband alleged that Wife stated a preference to reduce the listing price of the Granger House to $1,289,500. Our review of Husband's motion reveals that he requests relief due to extraordinary circumstances and that those circumstances did not involve mistake, surprise or excusable neglect.
In addition, to the extent Wife cites to Ind.Code § 31-15-7-9.1 of the Dissolution of Marriage Act and argues that the court does not have the authority to modify or grant relief from the Settlement Agreement, we note that this court has held that "[w]hile the Act generally prohibits modification of a property settlement agreement, it does not preclude relief from judgment as provided under Trial Rule 60(B)," that "[u]pon motion by a party, and after a hearing, the trial court retains equitable jurisdiction under Rule 60(B) to modify a division of property," and that "notwithstanding statutory limitations on the modification of property settlement agreements, we must consider whether the trial court's order may be sustained under the equitable relief provisions of Trial Rule 60(B)." Dusenberry v. Dusenberry, 625 N.E.2d 458, 461 (Ind.Ct.App.1993); see also Dillard v. Dillard, 889 N.E.2d 28, 33 (Ind.Ct.App.2008) (noting that while there is no authority under the statute for the court to modify, rescind, or grant relief from the division of property under a dissolution of marriage decree, the statute does not preclude relief from judgment as provided under Trial Rule 60(B) and addressing the husband's arguments under Trial Rule 60(B) even though the wife did not agree to a modification of the disposition of the parties' property under the settlement agreement); Beike v. Beike, 805 N.E.2d 1265, 1267-1268 (Ind.Ct.App. 2004) (noting that "this court noted that a Rule 60(B) Motion for Relief from Judgment was an appropriate means with which to modify a property settlement").[2]
We observe that the court need not modify the terms of the Settlement Agreement or Private Agreement in order to effectuate relief under Trial Rule 60(B). The Settlement Agreement and Private Agreement do not contain any terms or provisions which address circumstances such as those presented when the dollar amounts set forth in the agreements make it impossible, as a practical matter, to implement the intended sale of the properties due to a sustained decline in residential housing prices.
We conclude that Husband may request and the trial court has authority to grant relief from judgment pursuant to Trial Rule 60(B)(8) under the circumstances presented in this case, and the court erred in its determination that it did not have the authority to hear Husband's Trial Rule 60(B) motion and that the motion should have been characterized as one under Trial *1197 Rule 60(B)(1).[3]See Beike, 805 N.E.2d at 1267-1269 (noting that, although the value of the pension plan marital asset at issue was not completely settled, both parties believed they understood the value of the plan at the time of the dissolution decree which contained the property settlement agreement, that a subsequent change which neither party could have predicted affected the value of the plan assets, and that the court did not abuse its discretion in granting relief from the property settlement agreement under Trial Rule 60(B)(8)); see also Dillard, 889 N.E.2d at 33 (noting that court is not precluded from granting relief under Trial Rule 60(B)); Parham v. Parham, 855 N.E.2d 722, 726-728 (Ind.Ct.App.2006) (noting that the trial court did not err in treating the wife's motion as one for relief under Trial Rule 60(B)(8) where the husband's 401(k) plan value significantly depreciated after the date of the dissolution decree), trans. denied; Dusenberry, 625 N.E.2d at 461 ("Upon motion by a party, and after a hearing, the trial court retains equitable jurisdiction under Rule 60(B) to modify a division of property.").

B. Ruling on Husband's Motion Without Hearing Pertinent Evidence

We next address whether the court abused its discretion in denying Husband's motion under Trial Rule 60(B)(8) without hearing pertinent evidence. The court's order denying Husband's motion states in part:
2.) On June 16, 2010 [Wife] filed her memorandum in opposition to [Husband's] request for relief from judgment and citing therein, among others, the January 28, 2010 Indiana Supreme Court decision of Johnson v. Johnson, 920 N.E.2d 253 [(Ind. 2010)].
* * * * * *
4.) On July 16, 2010 [Wife] filed her memorandum in opposition and motion for evidentiary hearing.
* * * * * *
6.) After reviewing all of the submitted memorandums and citations contained therein, the Court now respectfully denies [Husband's] motion for T.R. 60(B) relief for generally the reasons stated in [Wife's] memoranda. Such denial is reluctantly given not because of the presence of any legal hesitance but because of the final impact upon two people who cannot agree on most matters. As stated in Johnson supra it is probably in both parties' best interest to negotiate an agreed modification to the "private agreement."
Appellant's Appendix at 7.
Husband argues that the trial court had a nondelegable duty to divide the property. Husband argues that the decree of dissolution, Settlement Agreement, and Private Agreement "do not evidence an intention for [Husband] and [Wife] to maintain a business or financial relationship" and that "rather, the [] Settlement Agreement states that the parties are to sell the subject marital property." Appellant's Brief at 12-13. Husband argues that the decree, Settlement Agreement, and Private Agreement "are silent with respect to establishing a listing price, and modification of the listing price or a procedure to modify the listing price." Id. at 13. Husband argues that Wife, "in refusing to follow the expert advice and recommendation of the listing realtors, asserts a unilateral authority *1198 to determine the listing prices which makes it impossible to accomplish a sale of the Granger [House] and Lake [House] and to effectuate a final division of marital property." Id. at 14.
Wife argues that "[t]he present case is a proper case for the continuation of joint ownership of the real estate pending the sale of the property pursuant to the [P]rivate [A]greement incorporated into the [] Settlement Agreement." Appellee's Brief at 8. Wife argues that "the downturn in the real estate market in and around St. Joseph County, Indiana began towards the end of 2005 and the beginning of 2006" and that "[d]espite this downturn, the parties agreed to the continuation of their joint ownership of the Granger [H]ouse and Lake [House] pending a future sale." Id.
In his reply brief, Husband argues that the trial court retains a duty to achieve a final division of property when the parties enter into a property settlement agreement incorporated into a decree. Husband argues that the Granger House was listed for $1,349,000 in September 2008, and that the St. Joseph County Assessor later determined the proposed assessed value of the Granger House to be $882,000 for the year 2008 payable 2009. Husband argues that he and Wife "have been unable to execute their stated intention to sell the Granger and Lake [H]ouses because of the diminished values of those properties caused by the nationwide recession, which substantially impacted real estate values in Michiana, as illustrated by the listing broker's advice to substantially reduce the listing prices in concert with true market value." Appellant's Reply Brief at 5. Husband also argues that "[e]xtraordinary circumstances regarding the devastating decrease in true market value of the houses since the entry of the [dissolution decree] and [Settlement] Agreement, and the lack of a mechanism or procedure to reduce the listing prices in the [] Settlement Agreement warrant and compel the trial court to grant equitable relief" and that "[s]uch equitable relief would account for the risks and losses associated with the value of the marital property and would effectuate the parties' stated intention to sell the marital properties." Id. at 9.
Section 5(A) of the Settlement Agreement provides in part that the Granger House shall be sold, the mortgage encumbering the property shall be paid in full, and until the house is sold Husband shall pay seventy-five percent and Wife shall pay twenty-five percent of the mortgage, taxes, and insurance. Section 5(B) of the Settlement Agreement provides in part that the Lake House shall be sold and that until the property is sold Husband shall pay seventy-five percent and Wife shall pay twenty-five percent of the mortgage, home equity loan, taxes and insurance.
Section A of the Private Agreement provides in part with respect to the Granger House that either party can bind the other to accept an offer to purchase so long as the resulting net proceeds equal at least $1,100,000. From the net proceeds, Wife shall be reimbursed for the costs of certain repairs, Wife shall be entitled to the first $175,000 after the satisfaction of the mortgage, Husband shall be paid seventy-five percent of the reduction in the balance of the principal mortgage loan amount from the date of the decree of dissolution until the closing of the sale, and the parties shall equally divide any remaining net proceeds. Section B of the Private Agreement provides in part with respect to the Lake House that either party can bind the other to accept an offer to purchase so long as the resulting net proceeds equal at least $300,000. From the net proceeds, Husband shall be reimbursed for the costs of certain repairs, after satisfaction of the mortgage and home equity line secured by *1199 the Lake House Husband shall be paid seventy-five percent of the reduction in the balance of the mortgage and home equity line from the date of the decree of dissolution until the closing of the sale, and the parties shall equally divide any remaining net proceeds.
As of June 18, 2010, the mortgage balance on the Granger House was $858,381.85. Husband pays seventy-five percent of the monthly mortgage payment of $4,600 and seventy-five percent of the real estate taxes and insurance premiums in connection with the Granger House. As of June 2010, the mortgage balance on the Lake House was $190,730.40, and Husband pays seventy-five percent of the monthly mortgage payment of $1,230. A second mortgage with a balance of $23,970 encumbers the Lake House, and the monthly interest-only payment on that mortgage is sixty-six dollars.
Wife argues that Husband failed to support his Rule 60(B) motion with admissible evidence and that the majority of Husband's affidavit should be disregarded as hearsay. Husband argues among other things that he complied with all of the requirements of Trial Rule 60(B)(8) and that a movant is not required to submit evidence to meet the meritorious claim burden. As previously mentioned, the trial court here did not hold an evidentiary hearing. See Trial Rule 60(D) (providing that "[i]n passing upon a motion allowed by subdivision (B) of this rule the court shall hear any pertinent evidence, allow new parties to be served with summons, allow discovery, grant relief as provided under Rule 59 or otherwise as permitted by subdivision (B) of this rule.").
Trial Rule 60(D) does not expressly state that a party requesting relief must attach an affidavit or other evidence. Cf. Trial Rule 60(C) (noting that "[n]o change of venue in such cases shall be taken from the judge or county except for cause shown by affidavit"). Moreover, this court has previously stated that "it was well within the trial court's discretion to determine whether the amount and/or the nature of evidence presented in support of a motion to set aside judgment indeed satisfies the meritorious [claim] requirement of a prima facie showing," that the "acquisition and preparation of admissible evidence during such initial stages of a case is especially difficult," and that "[i]t is up to the trial court to determine on a case-by-case basis whether a movant has succeeded in making a prima facie allegation." Baker & Daniels, LLP v. Coachmen Indus., Inc., 924 N.E.2d 130, 142 (Ind.Ct. App.2010) (quoting Shane v. Home Depot USA, Inc., 869 N.E.2d 1232, 1238 (Ind.Ct. App.2007) (quotation marks omitted), trans. denied. We agree that Husband was not required to attach to his initial motion for relief under Rule 60(B), in the form of affidavits or otherwise, all of the pertinent evidence he would have or intended to present at an evidentiary hearing on the motion. Such a requirement would render the language of Rule 60(D) regarding the court hearing pertinent evidence and allowing the parties to conduct discovery and serve new parties with summons inconsequential or unnecessary. The parties may present evidence in support of or opposition to Husband's request for relief at an evidentiary hearing.
Based upon the record, we conclude that the trial court abused its discretion in denying Husband's motion under Rule 60(B)(8) without first holding an evidentiary hearing. We remand with instructions to conduct an evidentiary hearing at which the parties are given the opportunity to present evidence in support of or opposition to Husband's motion for relief from judgment and for the court to grant relief as appropriate after considering the evidence *1200 presented at the hearing. We reiterate that the court on remand need not modify the terms of the Settlement Agreement or Private Agreement in order to provide relief under Trial Rule 60(B) but may issue an order providing additional terms to the extent the Settlement Agreement and Private Agreement are silent, i.e., what steps would be taken to accomplish the intended sale of the properties under the circumstances. See Rothschild v. Devos, 757 N.E.2d 219, 224 (Ind.Ct.App. 2001) (finding that the trial court abused its discretion in denying a motion for relief from judgment without hearing pertinent evidence and allowing for discovery).
We also note that both parties request that this court remand for consideration of an award of appellate attorney fees. The parties do not request attorney fees under Ind. Appellate Rule 66(E). While the parties may request the trial court to order the other party to pay a reasonable amount for attorney fees under Ind.Code § 31-15-10-1, we decline to instruct the court to do so.
For the foregoing reasons, we reverse the court's denial of Husband's Trial Rule 60(B) motion and remand for an evidentiary hearing.
Reversed and remanded.
ROBB, C.J., and RILEY, J., concur.
NOTES
[1] In her June 16, 2010 and July 16, 2010 memoranda, Wife argued that the court lacked the power to grant a Trial Rule 60(B)(8) motion and that, assuming that a Trial Rule 60(B) motion is proper, that Husband's motion falls under Trial Rule 60(B)(1) and therefore is untimely.
[2] In support of her argument that a trial court may not consider Husband's motion under Trial Rule 60(B), Wife cites to the Indiana Supreme Court's opinion in Johnson v. Johnson, in which the Court cited in part to Ind. Code § 31-15-7-9.1 and stated that once the trial court approved the parties' settlement agreement, the court's later directive "to do more than that" constituted a modification and was impermissible. 920 N.E.2d 253, 258 (Ind.2010). The Court in Johnson did not indicate that the party requesting relief did so under Trial Rule 60(B)(8) or address whether the trial court would have been permitted to grant relief under Trial Rule 60(B)(8), and the Court did not overrule Dusenberry. Dillard. and Beike or otherwise indicate that this court's statements in those cases that a party may under certain circumstances obtain relief under Trial Rule 60(B)(8) where at least one party did not consent or agree to such relief were incorrect. We do not read Johnson to prohibit a trial court from granting relief under Trial Rule 60(B)(8) under the circumstances presented in this case.
[3] Wife does not argue on appeal that Husband's motion was not filed within a reasonable time after the judgment.