**FOR PUBLICATION**



ATTORNEY FOR APPELLANT:

**JEFFRY G. PRICE**
Peru, Indiana

ATTORNEY FOR APPELLEE:

**KATHERINE J. NOEL**
Noel Law
Kokomo, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| JUDITH (LUND) PHERSON, | ) |
| | ) |
| Appellant-Petitioner, | ) |
| | ) |
| vs. | ) No. 52A04-1304-DR-180 |
| | ) |
| MICHAEL LUND, | ) |
| | ) |
| Appellee-Respondent. | ) |

APPEAL FROM THE MIAMI CIRCUIT COURT
The Honorable Timothy P. Spahr, Judge
Cause No. 52C01-9107-DR-271

**October 15, 2013**

**OPINION - FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Judith Lund Pherson ("Wife") appeals the denial, in substantial part, of her motion to correct error, which challenged a post-dissolution order in response to a motion by Michael Lund ("Husband") for clarification of a pension-fund provision of a property settlement agreement incorporated into a divorce decree. Wife presents the sole issue of whether the trial court erroneously modified the property settlement agreement. We affirm.

**Facts and Procedural History**

The parties were married on June 9, 1979. Their marriage was dissolved on September 23, 1991. They executed a property settlement agreement in October of 1991 ("the Agreement"); on October 24, 1991, the dissolution court approved the Agreement.

For several years prior to the marriage and throughout the marriage, Husband had been employed by Norfolk and Southern Railroad a/k/a Norfolk and Western Railway Company ("the Railroad"). His employee benefits included non-divisible (income security) Tier I benefits and divisible Tier II (retirement) benefits. With regard to Husband's Tier II benefits, the Agreement provided:

> Husband … is presently entitled to benefits provided under the Railroad Retirement Act. Section 14 of the Act as amended provides that the "Tier II Component" may be subject to division by a Dissolution of Marriage Decree. The Wife shall be awarded and is entitled to one-half of the Husband's "Tier II" portion of benefits subject to division under Section 14 of the Railroad Retirement Act as amended, and if available at the time of distribution the Railroad Retirement Board will pay directly to the Wife said 50% portion of the "Tier II" benefits as set out above.

(App. 24.) On October 28, 1991, the dissolution court entered an order with respect to the Tier II benefits, providing in pertinent part:

> Judith Lund, Petitioner, is awarded and the Railroad Retirement Board is directed to pay an interest in the portion of Michael T. Lund, social security number XXX, benefits under the Railroad Retirement Act (45 U.S.C. Section 231, et seq.) which may be divided as provided by Section 14 of that Act (45 U.S.C. Section 231m). Judith Lund's share shall be fifty percent (50%) of the Tier II portion of the benefits of Michael T. Lund.

(App. 27.) After the dissolution, Husband continued to work for the Railroad and receive additional retirement contributions for 18 ½ years. When Husband retired after approximately forty-two years of continuous employment, the Railroad Retirement Board began paying Wife one-half of the total Tier II monthly benefit attributable to those forty-two years of service.

Husband sought clarification of the Agreement and the corresponding order, asserting the position that Wife had, in effect, been receiving non-marital property. Wife sought dismissal of the motion, contending that a property division agreement, accepted by the dissolution court, cannot be modified. At the conclusion of a hearing conducted on January 11, 2013, the trial court took the matter under advisement and invited post-hearing written submissions from the parties.

On January 26, 2013, the trial court entered an order to "clarify ambiguity" and "effectuate the parties' intent." (App. 18.) In so doing, the trial court specified that the 18 ½ years of pension contributions post-dissolution "had not been earned and did not exist at the time of final separation" and were not divisible as a marital asset. (App. 17.) Wife filed a motion to correct error. In response, the trial court entered an order on March 19, 2013, correcting a typographical error and specifying a coverture fraction. Wife now appeals.

**Discussion and Decision**

Wife contends that the trial court improperly modified the Agreement and corresponding dissolution court order. Indiana Code section 31-15-2-17(c) provides: "The disposition of property settled by an agreement described in subsection (a) and incorporated and merged into the decree is not subject to subsequent modification by the court, except as the agreement prescribes or the parties subsequently consent. Indiana Code section 31-15-7-9.1(a) provides: "The orders concerning property disposition entered under this chapter … may not be revoked or modified, except in case of fraud." Accordingly, a court lacks authority to modify a property settlement agreement or a property division order. Ryan v. Ryan, 972 N.E.2d 359, 363 (Ind. 2012).

Notwithstanding the prohibition against modification, a court does not lack authority to resolve a dispute over the interpretation of a settlement agreement or property division order. Id. "When a party asks a court to clarify a settlement agreement, the court's task is one of contract interpretation. This is because settlement agreements are contractual in nature and binding if approved by the trial court." Id. When interpreting a settlement agreement, we apply the general rules of contract construction; that is, unless the terms of the contract are ambiguous, they will be given their plain and ordinary meaning. Shorter v. Shorter, 851 N.E.2d 378, 383 (Ind. Ct. App. 2006).

"Our Supreme Court has determined that the dissolution court that enters a property settlement agreement is in the best position to resolve questions of interpretation and enforcement of that agreement and thus retain[s] jurisdiction to interpret the terms of their

4

property settlement agreements and to enforce them." Id. This task "remains an exercise in the construction of the terms of a written contract," which is a pure question of law, and thus our standard of review is de novo. Id.

In pertinent part, the trial court concluded:

It is clear that property acquired by one spouse in his or her own right after final separation should not be considered a marital asset subject to division. See I.C. 31-15-7-4(a) and In re Marriage of Osborne, 369 N.E.2d 653, 655 (Ind. App. 1977). In the case at bar, the Respondent worked at his job, earning 18 ½ additional years' worth of Tier II benefits after the parties were divorced. That portion of the Tier II benefits normally would not be subject to division by the divorce court, since the benefits had not been earned and did not exist at the time of final separation.

(App. 17.) As such, the trial court concluded that the pension contributions in the 18 ½ years since the dissolution were after-acquired property beyond the scope of the settlement agreement to divide. We agree with the trial court.

Pursuant to Indiana Code section 31-9-2-98, "property" in actions for dissolution includes a present right to withdraw pension or retirement benefits, the right to receive pension or retirement benefits that are vested but payable after the dissolution of marriage, and the right to receive disposable retired or retainer pay acquired during the marriage that is or may be payable after the dissolution of marriage. At the time of the dissolution, Husband had a vested right to pension benefits and thus those benefits were properly divisible. However, the property subject to division is that owned prior to marriage or acquired after the marriage but before the final separation of the parties and thus does not include post-dissolution employer contributions to a retirement fund. See I.C. § 31-15-7-4(a), providing:

5

In an action for dissolution of marriage under IC 31-15-2-2, the court shall divide the property of the parties, whether:

(1) owned by either spouse before the marriage;

(2) acquired by either spouse in his or her own right;
    (A)      after the marriage; and
    (B)      <u>before final separation of the parties</u>; or

(3) acquired by their joint efforts.

(emphasis added.) Accordingly, the Legislature has provided that property acquired by one spouse in his or her own right after final separation should not be considered a marital asset subject to division by the dissolution court. <u>In re Marriage of Osborne</u>, 369 N.E.2d 653, 655 (Ind. Ct. App. 1977). In particular, "trial courts are asked to do tasks such as place values on pensions which have vested in possession only, but for which the amount of benefits has yet to be determined" but "when trial courts do so they must determine the value of the asset as it is currently held because trial courts cannot divide future earnings of a party in anticipation that they will be earned." <u>Alexander v. Alexander</u>, 927 N.E.2d 926, 939 (Ind. Ct. App. 2010), <u>trans. denied</u>.

It is true that Indiana law "encourages" divorcing spouses to reach agreements and the spouses "have more flexibility in crafting their own property settlement agreements than do divorce courts." <u>Wilson v. Wilson</u>, 716 N.E.2d 486, 489 (Ind. Ct. App. 1999). Parties may agree to provisions which a trial court has no statutory authority to order. <u>Id.</u> For example, Husband and Wife in this case could have agreed to divert Husband's after-acquired funds to Wife as alimony or maintenance. However, the Agreement is devoid of any language suggesting this intent. We agree with the trial court that the Agreement was not intended to

6

divide the future earnings of one spouse. Its sole objective was to divide property acquired before the date of final separation.

Wife has strenuously argued that the instant matter is almost identical to a spousal agreement to divide "any proceeds" of a personal injury claim, addressed in Dusenberry v. Dusenberry, 625 N.E.2d 458, 463 (Ind. Ct. App. 1993). In Dusenberry, when the wife petitioned for marital dissolution, the spouses had a pending lawsuit for injuries incurred in an automobile accident, and they agreed that each would receive one-half of the proceeds from the claim. Id. at 460. After incurring unanticipated medical expenses, the wife moved to set aside the property settlement provision related to the lawsuit proceeds and the trial court granted Indiana Trial Rule 60(B) relief. See id. On appeal, this Court reversed the trial court order, observing that the cause of action had accrued pre-separation and the parties had agreed "for the purpose of their settlement to treat the same as if it were a vested marital asset." Id. at 462. The Dusenberry Court held that the wife's petition was "an impermissible attempt to modify the property settlement agreement." Id. at 463.

Although, as recognized by the Dusenberry Court, the dissolution court could not have divided a contingent interest, the parties had agreed to do so, and their agreement was enforceable. Wife claims that she and Husband likewise agreed to an equal division of a sum uncertain. In fact, they had during dissolution proceedings obtained a letter from the Railroad Retirement Board setting forth the anticipated payment based upon then-accrued contributions. (Resp. Ex. A.) To the extent that the ultimate value of the Tier II benefits was unknown at the time of dissolution, it is because of ongoing contributions attributable to the

7

post-dissolution employment and efforts of Husband. <u>Dusenberry</u> is clearly distinguishable, as there was a singular event, a tort, giving rise to the expectation of payment and such event took place during the marriage.

The agreement in this case simply failed to assign a value to the vested pension exclusive of future contributions. It fell to the trial court to do so. Generally, a dissolution court may, when valuing a marital asset, select a date between the filing of the dissolution petition and the date of the final hearing. <u>Eyler v. Eyler</u>, 492 N.E.2d 1071, 1074 (Ind. 1986). Here, the valuation date ultimately selected by the trial court to correspond to the 50/50 split was that most favorable to Wife, the date of the final hearing on property distribution.[1] The coverture fraction reflects this valuation date; we find no error.

### Conclusion

The trial court did not impermissibly modify a property settlement agreement or decree. Rather, the trial court clarified that the intent of the parties was to divide the marital property, that is, property acquired before the marriage or after the marriage and before the final date of separation.

Affirmed.

MAY, J., and BRADFORD, J., concur.

---

[1] The marriage of the parties was dissolved on September 23, 1991. The trial court should have selected this date, the date of final hearing, <u>See</u> I.C. § 31-15-2-10, as the latest date for valuation. However, the selection of the one-month-later date of the final property order, October 24, 1991, would have a de minimis effect on the property distribution and we leave it undisturbed.