**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jun 25 2014, 11:02 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**ANDREW C. MALLOR**
**KENDRA G. GJERDINGEN**
Mallor Grodner LLP
Bloomington, Indiana

ATTORNEYS FOR APPELLEE:

**ANDREW Z. SOSHNICK**
**TERESA A. GRIFFIN**
Faegre Baker Daniels LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| IN RE THE MARRIAGE OF RUSSELL C. BEST and MARIEA L. BEST, | ) | |
| | ) | |
| MARIEA L. BEST, | ) | |
| | ) | |
| Appellant-Respondent, | ) | |
| | ) | |
| vs. | ) | No. 06A04-1401-DR-46 |
| | ) | |
| RUSSELL C. BEST, | ) | |
| | ) | |
| Appellee-Petitioner. | ) | |

APPEAL FROM THE BOONE CIRCUIT COURT
The Honorable Rebecca S. McClure, Special Judge
Cause No. 06C01-0209-DR-381

**June 25, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Mariea Best appeals the trial court's enforcement of an October 2011 Mediated Agreed Entry, wherein the parties agreed that Russell Best would serve as guardian to the parties' nineteen-year-old daughter, M.B., who has Down Syndrome. As the trial court had the authority to order Mariea to consent to Father's guardianship of M.B., we affirm.

## FACTS AND PROCEDURAL HISTORY

At issue in this case is a Mediated Agreed Entry, which the Boone Circuit Court (hereinafter the dissolution court) approved in October 2011. The agreement provides in relevant part:

> 3.  Neither party (either personally or in a representative capacity) will seek guardianship of [M.B.] prior to her attaining twenty-one years of age unless necessary for medical or public benefits purposes. If it becomes necessary before age twenty-one (21), it is agreed that Russell will serve as the guardian. Barring establishment of a guardianship, the custody order and jurisdiction of this Court remain in full force and effect.

(Appellant's App. at 127.) The dissolution court's approval of the Mediated Agreed Entry provides that "each of the parties is bound by the terms and conditions of the Mediated Agreed Entry as an Order of this Court." (*Id.* at 134.)

In September and October 2013, Mariea filed several motions and petitions regarding M.B.'s guardianship and custody. Russell responded with a Verified Petition to Enforce Mediated Agreed Entry, for Directive, and for Dismissal of Modification Petition with Prejudice. On December 5, 2013, Mariea filed a response to Russell's petition.

On January 3, 2014, the dissolution court entered the following order on Russell's Petition to Enforce the Mediated Agreed Entry:

2

8.    The issue of the guardianship of [M.B.] was resolved by the parties' 2011 Mediated Agreed Entry in which Mari[e]a Best and Russell Best agreed that if guardianship of [M.B.] was necessary prior to [M.B's] twenty first birthday, Russell Best would serve as [M.B.'s] guardian.  The parties' agreement of October, 2011, further specified that the Boone Circuit Court, with Special Judge Rebecca S. McClure, presiding, retained jurisdiction and authority to enforce the Mediated Agreed Entry of the parties.

9.    Pursuant to Boone County Local Rules of Court, in Boone County only Boone Superior Court I . . . has jurisdiction over guardianship proceedings. Boone Circuit Court has no such jurisdiction.

10.    The Court hereby Orders that if deemed necessary for medical or public benefits purposes, Russell Best shall with the consent of Mariea Best, file a petition to establish guardianship over the person of [M.B.] in a court of proper jurisdiction.

(Appellant's App. pp. 79-80.)  Mariea appeals.[1]

## DISCUSSION AND DECISION

Mariea contends that "[b]y forcing Mother to consent to Father's guardianship of their daughter when she no longer believes it is in the daughter's best interest, the Dissolution Court is attempting to usurp the probate court of its duty to determine the person who will act in the best interest of the incapacitated person." (Appellant's Br. at 6.)

Mariea's argument overlooks the parties' Mediated Agreed Entry, which provides that she and Russell "agreed that if guardianship of [M.B.] was necessary prior to [M.B.'s] twenty-first birthday, Russell Best would serve as [M.B.'s] guardian." (Appellant's App. at 127.)

---

[1] In January 2014, Russell filed for guardianship of M.B. in Boone Superior Court.  In February 2014, Mariea filed a motion to dismiss Russell's petition for guardianship, but subsequently agreed the Boone Superior Court would be the venue for the guardianship action and she agreed not to oppose Russell's petition for the guardianship of M.B.

Settlement agreements are contractual in nature and binding if approved by the trial court. *Pherson v. Lund*, 997 N.E.2d 367, 369 (Ind. Ct. App. 2013). The dissolution court that enters a settlement agreement is in the best position to resolve questions of interpretation and enforcement of that agreement and retains this authority. *Id.* This task is an exercise in the construction of the terms of a written contract, which is a pure question of law. *Id.* Our standard of review is therefore *de novo*. *Id.* When interpreting a settlement agreement, we apply the general rules of contract construction. *Id.* Unless the terms of the contract are ambiguous, they will be given their plain and ordinary meaning. *Id.*

The parties' Mediated Agreed Entry provides that under certain circumstances, Mariea and Russell agree that Russell will act as M.B.'s guardian. Mariea and Russell do not dispute these circumstances exist. Pursuant to the Mediated Agreed Entry that Mariea signed and the dissolution court approved, the dissolution court had the authority to order Mariea to consent to Russell's guardianship of M.B.

Affirmed.

KIRSCH, J., and BAILEY, J., concur.